■ In the Matter of JOHN KOHILAKIS, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to permanently enjoin the respondent New York State Department of Environmental Conservation from entering onto his property and drilling a well to monitor for potential ground water contamination from illegally dumped

fill, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered May 31, 1988, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petition is granted to the extent that the New York State Department of Environmental Conservation is enjoined from placing, or causing to be placed, on the petitioner's property, a well to monitor ground water conditions pending the determination of the issue of the viability of an alternate location for the monitoring well by an Administrative Law Judge, in accordance with the stipulation between the parties entered into on July 23, 1985.

While the New York State Department of Environmental Conservation (hereinafter DEC) possesses broad powers to enter any inactive hazardous waste disposal site and inspect and take samples of waste, soils, air, surface water and ground water (see, ECL 27-1305 [4] [a]; 27-1309 [3]; *New York State Dept. of Envtl. Conservation v Damico*, 130 AD2d 974, 975), the parties entered into a stipulation by which they agreed that any issue regarding the remediation of the waste site upon which they could not agree would be submitted to an Administrative Law Judge for adjudication. Although the need for a monitoring well was an issue which had been previously submitted to, and resolved by, an Administrative Law Judge, we find that the disputed question of where the well should be located remains to be decided. Accordingly, the dispute as to the viability of the various alternate locations for the monitor well must be submitted to the Administrative Law Judge for an evidentiary hearing in accord with the parties' stipulation. Pending the determination of that issue, the DEC is enjoined from constructing a well on the petitioner's property. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.